# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1712
_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Missouri. |
| | * | |
| Robert John Jackaway, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: March 29, 2001
Filed: March 30, 2001
_____

Before BOWMAN, BEAM, and LOKEN, Circuit Judges.
_____

PER CURIAM.

Robert John Jackaway pleaded guilty to possessing pseudoephedrine with intent to manufacture methamphetamine, or having reasonable cause to believe that methamphetamine would be manufactured, in violation of 21 U.S.C. §§ 841(d)(1)-(2) (1994 & Supp. IV 1998). On appeal, he challenges the District Court's[1] drug-quantity finding.

---

[1]The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri.

While the parties agree that the District Court's drug-quantity finding was premised on a typographical error in an addendum to the presentence report, we conclude that any error was harmless because Jackaway was properly classified as a career offender, and his career-offender status determined his base offense level regardless of drug quantity. See Williams v. United States, 503 U.S. 193, 203 (1992) (holding that remand for misapplication of the Guidelines is only necessary "if the sentence would have been different but for the district court's error"); United States v. Horn, 187 F.3d 781, 792 (8th Cir. 1999) (finding that an erroneous five-level enhancement to a defendant's offense level was harmless where it did not affect the sentence), cert. denied, 529 U.S. 1029 (2000).

Accordingly, we affirm the judgment of the District Court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.